### 203 WILEY vs. CIRCUIT JUDGE (Allegan), 29 M., 486.

To compel the vacation of an order directing a return upon claim of appeal from a judgment rendered by a justice, where the fees of the justice had not been paid or waived.

Granted July 14, 1874.

Where in such a proceeding the circuit judge has determined that the justice had waived the payment of the fee for making the return, his decision is conclusive, and cannot be reversed on mandamus provided there be any facts stated by the justice having any tendency whatever to establish it; but in this case where no fact is stated having any such tendency, the order of the circuit compelling a return is vacated by mandamus.

The appellee, in whose favor judgment has been rendered by the justice, having a right to have the pretended appeal dismissed for non-performance of anything made by the statute a condition precedent to the perfection of an appeal, has sufficient interest in the question of payment of the justice's fee for making a return, especially where execution has issued upon his judgment and been satisfied, to entitle him to a review by mandamus of the decision of the circuit judge.

Mandamus is the proper remedy and the only adequate legal remedy for the review of the action of the circuit judge in such proceedings. A writ of error would not reach the wrong complained of, because the record would not include these collateral proceedings; certiorari, if it would lie at all, could only be brought after the trial and judgment, and it is at least doubtful whether it would bring up such proceedings.

Where an inferior court has acted judicially in the determination of a question of fact, or a question of law properly involved in the case, in such shape as to give the power judicially thus to determine it, however erroneous the decision, it cannot be reviewed by mandamus; but where the case before such court does not, upon its facts or the evidence, legitimately raise the question of law or fact it has assumed to decide, so that the court could act judicially upon it, or had the power judicially to make the decision it has assumed to make, its action is not properly judicial, and no assumed determination of it, nor any order resting upon it, will preclude the remedy by mandamus, provided the case be in other respects a proper one for that species of remedy.